UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE L. ARMSTRONG,

        Plaintiff,

v.

SCIS AIR SECURITY,

        Defendant.

                            /

Case Number: 12-10276

HON. MARIANNE O. BATTANI

## ORDER DENYING OBJECTION TO REPORT AND RECOMMENDATION

Plaintiff Jermaine Armstrong filed suit against his former employer, Defendant SCIS Air Security, after his employment was terminated. Armstrong claims his termination was racially-based in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e and Elliott Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2101, *et seq*.

Defendant filed a Motion for Summary Judgment, which the Court referred to Magistrate Judge R. Steven Whalen pursuant to 28 U.S.C. § 636(b)(1)(B) for Report and Recommendation (R&R). The Magistrate Judge issued his R&R on March 3, 2013, in which he recommended that Defendant's motion be granted.

Before the Court are Defendants' Objections to Magistrate Judge's Report and Recommendation (Doc. No. 51). The Court has reviewed the filings, including de novo review of Plaintiff's objections. For the reasons that follow, the Court **ADOPTS** the Report and Recommendation and **GRANTS** Defendant's Motion for Summary Judgment.

The Magistrate Judge set forth the facts of this case, including the disciplinary actions taken prior to Plaintiff's termination.  Plaintiff challenges one--Defendant's conduct relative to the Facial and Uniform violation.  It is undisputed that Defendant had a "no beard" policy during the relevant time frame.  It is undisputed that Plaintiff was clean shaven from the date of his hire in November 2010, until shortly before the time he was disciplined--January 6, 2011.  Plaintiff conceded that he was aware of the no beard policy as well as the medically necessary exception from the time he was hired.  He had been working for four months when he received a verbal warning about shaving his beard.  Although Plaintiff now contends he had a medical reason for not shaving, he never submitted medical documentation to excuse him from the no beard policy.  Moreover, the doctor's note provided by Armstrong in conjunction with this lawsuit is dated long after he was terminated.

In his Objection, Armstrong includes a doctor's note regarding his skin condition that is dated over a year prior to his employment with Defendant.  Again there is no basis for finding this note had been provided to Plaintiff's employer.  In addition, the basis of Plaintiff's Objection is that had he not been disciplined for his failure to shave, he might have competed his probationary period.  That argument is entirely speculative.  In his R&R, Magistrate Judge Whalen noted that even if Plaintiff could make a prima facie case of race discrimination, Armstrong could not meet his burden to show the reasons for his termination were pretextual.  Armstrong not only admitted to transgressions of work policies, he admitted the proffered reasons for his termination were not pretextual.  Specifically, Armstrong was on probationary status at the time he

was terminated; he admitted to poor job performance on several occasions; and he admitted to a violation of the anti-harassment policy relative to a co-worker.

Defendant has offered sufficient grounds to justify Plaintiff's termination. Plaintiff had no evidence to support the reasons were pretextual, and the real reason he was terminated was because of racial discrimination.

Therefore, the Court **DENIES** Plaintiff's Objection, **ADOPTS** the Report and Recommendation, and **GRANTS** Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED.**

s/Marianne O. Battani<br>
MARIANNE O. BATTANI<br>
UNITED STATES DISTRICT JUDGE

Dated: March 31, 2014

### CERTIFICATE OF SERVICE

Copies of this Order were served upon Plaintiff and counsel on this date by ordinary mail and/or electronic filing.

s/Marianne O. Battani<br>
Case Manager